LEATHERS *v.* FARMERS' MUTUAL FIRE INSURANCE COMPANY.

The act incorporating the defendants as a mutual fire insurance company, contained this provision: " If the assured have a less estate than a fee simple in the buildings insured, the policy *may be void*, unless the true title of the assured be expressed therein."  The plaintiff, in his written application for insurance, described himself as " the owner of the buildings," and the defendants had no other notice of his title.  The plaintiff was tenant by the courtesy, and had no other title.  *Held*, that he could not recover on the policy.

ASSUMPSIT, on a policy of insurance against fire, insuring $166 on the plaintiff's house and shed No. 1; $75 on his furniture and provisions therein; $77 on his barn and shed No. 2; $75 on his hay and grain in the barn, and $7 on his swine house.

It appeared on trial that the house and first named shed, and the furniture and provisions, were destroyed by fire during the time covered by the policy; that the real estate insured was

conveyed to the plaintiff's wife in 1824, and that the plaintiff, at the time of the insurance and of the loss, was tenant by the courtesy in right of his wife, and had no other title.

The act incorporating the defendants provides in the tenth section, as follows: "And be it further enacted, that the said company may make insurance for any time not exceeding seven years, and any policy of insurance issued by said company, signed by the president and countersigned by the secretary, shall be deemed valid and binding on said company in all cases when the assured has a title in fee simple, and unincumbered, to the building or buildings insured; but if the assured have a less estate therein, or if the premises be incumbered, the policy may be void, unless the true title of the assured and the incumbrances on the premises be expressed therein."

By the fifth section of the act, it is provided that " all buildings insured by and with said company, together with the right, title and interest of the assured to the lands on which they stand, shall be pledged to said company, and the said company shall have a lien thereon against the assured during the continuance of his, her, or their policies."

The plaintiff in his written application for insurance described himself as the " owner of the buildings" insured, and stated that they were unincumbered, and gave no other statement or description of his title. There was no evidence of any notice to the defendants of the plaintiff's title, other than that contained in the written application.

The written application was referred to in the policy for more particular description of the property insured, and as forming part of the policy.

A copy of the act of incorporation was annexed to the policy, and referred to therein for the notice required to be given in case of a loss, and the undertaking of the defendants, by the terms of the policy, was to pay " according to the provisions of the said act."

The defendants objected that the plaintiff could not recover, because he had a less estate in the buildings insured than a fee

simple; was described in the application as owner, and no statement was contained in the policy showing the true title of the insured.

The court sustained the objection, and ruled that on this state of facts the plaintiff was not entitled to recover.

A verdict was thereupon taken by consent for the defendants, to be set aside and a new trial granted, or judgment rendered thereon, according to the opinion of the court.

*Herbert* and *Quincy*, for the plaintiff.

*Vaughan* and *Hibbard*, for the defendants.

PERLEY, J.* There is no doubt that the plaintiff had an insurable interest; and a mere misrepresentation as to the title would not, on general principles, avoid the policy, unless material to the risk. But the question in this case is whether, by the provisions of the act incorporating the defendants, they can avoid this policy.

The case does not find that the defendants had any notice of the plaintiff's title, other than that contained in his written application, and in that he describes himself as the owner. The defendants, therefore, by receiving assessments cannot be held to have waived an objection of which they had no knowledge. *Neally* v. *Insurance Co.*, 7 Hill 49. The application was made part of the policy; the act of incorporation was also annexed to the policy; and the undertaking of the defendants was to pay according to the provisions of the act. The defendants, being a corporation, have no general power to contract, like a natural person; their powers and their liabilities depend wholly on the law which created them.

By the act of incorporation, if the assured have a less estate in the buildings insured than a fee simple, the policy may be void, unless the true title of the assured be expressed therein.

* Eastman, J., did not sit.

In this case the plaintiff had a less estate than a fee simple, to wit: an estate for his own life only by the courtesy, and his true title was not expressed in the policy. The case falls, therefore, plainly and unequivocally within this provision of the charter; and unless the defendants may protect themselves under it in this instance, it is difficult to conceive one in which this provision can have any operation.

The policy of the law is to give contracts of this kind effect according to the fair intention of the parties, without regard to objections of mere form; but the court cannot undertake, by an evasive construction, to defeat the clear intention of the legislature, plainly expressed in the act of incorporation. The defendants have agreed to be liable according to that act, and by the provisions of that act the plaintiff is not entitled to recover. *Holmes* v. *Insurance Co.*, 10 Met. 214; *Tittemore* v. *Insurance Co.*, 20 Vermont 546; *Jennings* v. *Insurance Co.*, 2 Denio 75.

It is observable that the charter does not declare the policy to be absolutely void, in case a lesser title than a fee simple is not truly described in it. It might perhaps be held that under this provision the corporation had an election, to avoid the policy or treat it as valid. If so, it may be that the corporation, on discovering the defect in the description, ought to make their election to avoid the policy within reasonable time, and after receiving notice of the true title of the assured, they might, by receiving assessments, be held to have affirmed the policy and waived their right to object. That question, however, does not arise in this case, as the defendants had no notice.

*Judgment on the verdict.*